IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PHILIP BRADFORD
on behalf of himself and others
similarly situated,

    Plaintiff,

    v.

CVS PHARMACY, INC.,

    Defendant.

CIVIL ACTION FILE
NO. 1:12-CV-1159-TWT

ORDER

This is an action under the Fair Labor Standards Act. It is before the Court on the Plaintiff's Motion for Conditional Collective Action Certification and Issuance of Notice to Putative Class Members [Doc. 32]. For the reasons set forth below, the Court GRANTS the Plaintiff's Motion and conditionally certifies a nationwide class of Regional Loss Prevention Managers (collectively referred to as the "Plaintiff").

I. Background

The Plaintiff Philip Bradford is a former employee of Defendant CVS Pharmacy, Inc. Bradford seeks to bring a collective action on behalf of himself and all other similarly situated Regional Loss Prevention Managers ("RLPMs") for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"). CVS declined

to pay overtime compensation to the Plaintiff and other RLPMs because CVS classified RLPMs as exempt from the FLSA's overtime requirements. Bradford asks the Court to conditionally certify this matter as a collective action and permit him to send notice of this action to all RLPMs either nationwide or to those RLPMs within the same Areas as Bradford and the opt-in collective action plaintiffs.

## II.  Standard for Conditional Certification of FLSA Collectives

A collective action under the FLSA "may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing[.]" 29 U.S.C. § 216(b).  This Court has discretion to authorize the sending of notice to potential class members in a collective action. Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169-70 (1989). Unlike class actions under Rule 23, a collective action under the FLSA requires individuals to opt-in to the action instead of opting out. Shabazz v. Asurion Ins. Serv., No. 3:07-0653, 2008 WL 1730318, at *2 (M.D. Tenn. 2008), citing Douglas v. GE Energy Reuter Stokes, No. 1:07-CV-77, 2007 WL 1341779, at *2 (N.D. Ohio 2007). Whether or not to certify a collective action is "soundly within the discretion of the district court." Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208, 1219 (11th Cir. 2001).

Courts typically employ a two-step process to determine whether employees are

similarly situated so that collective action is proper. The first step is the "notice" or "conditional certification" stage. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260-61 (11th Cir. 2008). At this stage, the Court may grant conditional certification if a plaintiff demonstrates a reasonable basis to believe that: (1) there are other employees of the Defendant who desire to opt-in; and (2) that these other employees are "'similarly situated' with respect to their job requirements and with regard to their pay provisions." Dybach v. State of Fla. Dep't of Corrs., 942 F.2d 1562, 1567-68 (11th Cir. 1991).

A class plaintiff's burden is "not particularly stringent," "fairly lenient," and "not heavy," and may be met with "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." Morgan, 551 F.3d at 1261; Grayson v. K Mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996). While courts have not defined "similarly situated," it is clear that a plaintiff does not need to show that his position is "identical" to the position held by any other putative class member. Grayson, 79 F.3d at 1096. The Court has "broad discretion at the notice stage," but is "constrained, to some extent, by the leniency of the standard for the exercise of that discretion." Morgan, 551 F.3d at 1261.

## III. Discussion

### A. Similarly Situated Employees

The Plaintiff meets his fairly lenient burden at the conditional certification stage by demonstrating a reasonable basis that there are other similarly situated employees. The Defendant does not dispute that its RLPMs are similarly situated in terms of pay provisions. None of the RLPMs received overtime compensation. The Defendant does argue that RLPMs have different job requirements, and that an individual assessment of each RLPM is required to determine overtime eligibility.

CVS has 7,300 retail stores in forty-one states, the District of Columbia, and Puerto Rico. They are divided into nine Areas. (Silveira Decl. ¶ 7.) The Areas do not follow state lines, and some states are divided into multiple Areas. (Silveira Decl. ¶ 8.) Area Loss Prevention Directors ("Area Directors") oversee the loss prevention activities in their designated Area. (Silveira Decl. ¶ 9.) CVS' nine Areas are divided into 52 Regions, and each Region is divided into approximately 6-10 Districts, with each District consisting of anywhere from 12 to 25 retail pharmacy stores. (Silveira Decl. ¶¶ 10-12.) RLPMs report to the Area Directors that oversees their Area. (Silveira Decl. ¶ 9.) Each Area Director has discretion over how to assign the RLPMs in their Area. (Silveira Decl. ¶ 16.) Each RLPM was supervised and had their work controlled by an Area Director and each Area Director was responsible for

supervising and directing the work of RLPMs in their Area. (Bradford Decl. ¶¶ 4-6; Lovett Decl. ¶¶ 4-6; Douress Decl. ¶¶ 4-6; Schleicher Decl. ¶¶ 4-6; Struder Decl. ¶¶ 4-6.) The Plaintiff states that the RLPMs all worked and had personal contact with the other RLPMs in their respective regions, and that all RLPMs were subject to the same CVS corporate policies and had the same job requirements and pay provisions. (Bradford Decl. ¶¶ 4-6, 22-36; Lovett Decl. ¶¶ 4-6, 22-36; Douress Decl. ¶¶ 4-6, 22-36; Schleicher Decl. ¶¶ 4-6, 22-36; Struder Decl. ¶¶ 4-6, 22-36.)

The Plaintiff has divided the nationwide class into sub-classes. Class A encompasses those RLPMs under the same Area Director responsible for loss prevention in the Area which included the majority of Virginia, Washington, D.C., Maryland, and Pennsylvania. (Douress Decl. ¶¶ 4-5; Struder Decl. ¶¶ 4-5.) Class B encompasses those RLPMs under the same Area Director responsible for loss prevention in the Area which included the majority of Louisiana, Texas, Mississippi, and Oklahoma. (Lovett Decl. ¶¶ 4-5.) Class C encompasses those RLPMs under Area Director Paul Lehman, who was responsible for loss prevention in the Area which included large parts of Georgia, South Carolina, and North Carolina. (Bradford Decl. ¶¶ 4-5.) Class D encompasses those RLPMs under Area Director Chris Knight, who was responsible for loss prevention in the Area which included large parts of New York, Pennsylvania, New Jersey, Delaware, and Ohio. (Schleicher Decl. ¶ 4.) Class

D also encompasses those RLPMs under Area Director Don Dugger, who was responsible for the Area that included large parts of Pennsylvania, Ohio, Kentucky, Tennessee, West Virginia, and Minnesota. (Id.)

The Plaintiff submits affidavits from Dennis Douress and John Struder, former RLPMs in Class A; Kirk Lovett, a former RLPM in Class B; Philip Bradford, a former RLPM in Class C; and Donald Schleicher, a former RLPM in Class D (collectively "Regional Classes"). All of the affidavits are duplicative of each other, but are detailed. While some courts have given duplicative affidavits less weight, see, e.g., Gomez v. United Forming Inc., No. 6:09-CV-576, 2009 WL 3367165, at *2 (M.D. Fla. Oct. 15, 2009), this Court does not think that it is appropriate to deny to conditionally certify a collective action on this basis alone. If the Court were to deny the motion on this ground it would be making a credibility determination regarding the declarations, which would be inappropriate at the conditional certification stage. See Reyes v. AT&T Corp., 801 F. Supp. 2d 1350, 1357 (S.D. Fla. 2011), citing Pendlebury v. Starbucks Coffee Co., No. 04-CV-80521, 2005 WL 84500, at *3 (S.D. Fla. Jan. 3, 2005). The affidavits support the Plaintiffs' claim that they are similarly situated with those RLPMs in their respective Areas and rebut CVS' claim that RLPMs are exempt from the FLSA's overtime requirements according to the managerial and administrative exemption defenses. The affidavits state that RLPMs:

(1) were paid in the same manner; (Bradford Decl. ¶¶ 22-25; Lovett Decl. ¶¶ 22-25; Schleicher Decl. ¶¶ 22-25; Douress Decl. ¶¶ 22-25; Struder Decl. ¶¶ 22-25.)

(2) performed the same principal non-exempt job duties of performing mundane data collection and processing, and carrying out investigations at the direction of Area Loss Prevention Directors ("ALPDs") in accordance with specific CVS policies and protocol that dictated virtually every facet of how the "investigations" were performed; (Bradford Decl. ¶¶ 7-17, 26-34; Lovett Decl. ¶¶ 7-17, 26-34; Douress Decl. ¶¶ 7-17, 26-34.)

(3) had no authority to make personnel decisions or recommendations; (Bradford Decl. ¶¶ 18, 37, 38; Lovett Decl. ¶¶ 18, 37, 38; Douress Decl. ¶¶ 18, 37, 38.)

(4) did not supervise or direct the work of any CVS employees; (Bradford Decl. ¶¶ 19, 36; Lovett Decl. ¶¶ 19, 36; Douress Decl. ¶¶ 19, 36.)

(5) did not exercise discretion and independent judgment on matters of significance; (Bradford Decl. ¶¶ 7-17, 26-34; Lovett Decl. ¶¶ 7-17, 26-34; Douress Decl. ¶¶ 7-17, 26-34; Schleicher Decl. ¶¶ 7-17, 26-34; Struder Decl. ¶¶ 7-17, 26-34.)

(6) were subjected to the same unlawful CVS policy, i.e., Defendant's misclassification of RLPMs as exempt from the overtime requirements of the FLSA. (Bradford Decl. ¶¶ 22-25; Lovett Decl. ¶¶ 22-25; Douress Decl. ¶¶ 22-25.)

Working in different states does not disqualify employees from being considered similarly situated. Hipp, 252 F.3d at 1219, citing Grayson, 79 F.3d at 1091. The Plaintiffs state that they worked and had personal contact with the RLPMs in their respective regions, and that all RLPMs working under their respective Area Directors were subject to the same CVS corporate policies and had the same job requirements and pay provisions. (Bradford Decl. ¶¶ 4-6, 22-36; Lovett Decl. ¶¶ 4-6,

22-36; Douress Decl. ¶¶ 4-6, 22-36; Schleicher Decl. ¶¶ 4-6, 22-36; Struder Decl. ¶¶ 4-6, 22-36.) Thus the Plaintiff has presented a reasonable basis for finding that the RLPMs in the Regional Classes are similarly situated in terms of pay provisions and job requirements.

Furthermore, the Court holds that the Plaintiff has presented a reasonable basis for finding that all RLPMs nationwide are similarly situated. The Plaintiff has presented declarations from RLPMs in four of CVS' nine nationwide Areas. Opt-in plaintiffs in five of the nine Areas have filed consents. (Def.'s Br. in Opp'n to Pl.'s Mot. for Conditional Cert., at 5 n. 2.) Even if one views the opt-in plaintiffs as representing only eight of forty-one states in which CVS RLPMs work instead of five of nine Areas, as CVS urges the Court to do, the sample is still significant. Courts in the Eleventh Circuit have certified a nationwide class in which the geographic representation was less diverse. See Carrera v. UPS Supply Chain Solutions, Inc., No. 10-60263-CIV, 2011 WL 1303151 (S.D. Fla. Mar. 31, 2011) (conditionally certifying a nationwide class of UPS drivers where opt-in plaintiffs had collectively worked at a total of six UPS warehouses in five states); Reyes, 801 F. Supp. 2d at 1350 (certifying a nationwide class of retail account based on affidavits of employees that worked in four states where defendant operated in all fifty states, Puerto Rico, and Washington, D.C.). CVS cites cases where nationwide conditional certification was

denied because the evidence submitted pertained to a much smaller geographic area than the evidence submitted here. Gomez, 2009 WL 3367165, at *2 (declining conditional certification where the plaintiff sought nationwide certification, but affidavits submitted only emanated from Orlando, Florida); Latortue v. Fast Payday Loans, Inc., No. 2:09-CV-171, 2010 WL 557712, at *2-*3 (M.D. Fla. Feb. 11, 2010) (finding declarations that appear to be limited to a particular area and specific area managers insufficient to certify a broad collective where the declarations emanated only from employees in Florida). Moreover, all RLPMs have the same job description, and all report to Area Directors who all report to Mike Silveira. While the Court agrees that a company's management structure alone cannot justify a nationwide collective action, Guillen v. Marshalls of MA, Inc., 750 F. Supp. 2d 469, 477-78 (S.D.N.Y. 2010), there is other evidence that allows the Court to find a reasonable basis that all RLPMs nationwide are similarly situated. See Jacob v. Duane Reade, Inc., No. 11-CV-160, 2012 WL 260230, at *6-*7 (S.D.N.Y. Jan. 27, 2012).

The Defendant also contests the duration of the three-year period of time for which the Plaintiff seeks conditional certification. CVS highlights that none of the declarants worked for CVS for the entire three-year period, and that some have worked for less than half of the three-year period. CVS cites only one case in support

of its argument that the Court should deny conditional certification for this reason: Mackenzie v. Kindred Hosps. East, LLC, 276 F. Supp. 2d 1211 (M.D. Fla. 2003). In Mackenzie, the court denied conditional certification for a plethora of reasons, and can hardly be said to have relied on the time period to reach its holding. Mackenzie, 276 F. Supp. 2d at 1221 ("This proposed class includes a diverse group of pharmacists with different titles and job duties distinct from, or unknown to, the plaintiff. Further, the proposed notice does not limit the potential plaintiffs to the defendant's St. Petersburg facility, or to the time period covered by the plaintiff's claim....there is no basis for granting the plaintiff's request to certify this case as a collective action. There is only one plaintiff, and, as to him, the case is moot."). In the case at bar, multiple opt-in plaintiffs have worked for varying degrees of time in different geographic locations, and CVS continues its practice of classifying RLPMs as exempt from FLSA overtime compensation to the present day. See Reyes v. Carnival Corp., No. 04-21861-CIV, 2005 WL 4891058, at *8 (S.D. Fla. May 25, 2005) (conditionally certifying a collective action from January 1, 2002 to the present (May 25, 2005), even though none of the opt-in plaintiffs worked for the defendant after August 2002, because of allegations regarding a continuing unlawful policy in place "since before January 1, 2002.").

Finally, it is not appropriate for the Court to conduct individualized inquiries

at the conditional certification stage, or consider the possibility of having to make individualized inquiries in the future when ruling at this stage. In Morden v. T-Mobile USA, Inc., No. C05-2112, 2006 WL 2620320 (W.D. Wash. Sept. 12, 2006), the defendant made the same argument that CVS makes here, arguing against conditional certification on the ground that "certain exemption defenses may apply that will require the court to make individual assessments of all the plaintiffs." Reyes, 801 F. Supp. 2d at 1360, quoting Morden, 2006 WL 2620320, at *3. The Morden court refused to consider these questions at the conditional certification stage, stating that it would only engage in such an analysis after discovery was completed. Morden, 2006 WL 2620320, at *3; also see Reyes, 801 F. Supp. 2d at 1360 ("[W]hether the requested class in this case actually includes similarly situated individuals (and thus serves judicial economy) is a question more appropriately addressed at the decertification stage, when more specific information will be available."); Mainor v. Lazer Spot, Inc., No. 1:11-CV-971, 2011 U.S. Dist. LEXIS 151990, at *8 (N.D. Ga. Aug. 9, 2011) ("At the notice stage, 'variations in specific duties, job locations, working hours, or the availability of various defenses are examples of factual issues that are not considered."). Regardless, even though an individualized analysis of the opt-in plaintiffs may eventually be required, many of the issues central to the determination of whether the opt-in plaintiffs were properly classified by CVS as

exempt from the FLSA's overtime compensation requirement "can be resolved or addressed as part of a collective action and perhaps in a much more efficient manner than would otherwise be the case." Carrera, 2011 WL 1303151, at *6.

   B.   Opt-in Plaintiffs

The Court finds that the Plaintiff has shown a reasonable basis for his claim that other RLPMs wish to opt-in to this action. Six consents were filed before the Plaintiff's Motion, and three more were filed during briefing. (Def.'s Br. in Opp'n to Pl.'s Mot. for Conditional Cert., at 28 n. 12.) These numbers are significantly higher than other cases in the Eleventh Circuit in which conditional certification was granted. See, e.g., Riddle v. SunTrust Bank, No. 1:08-CV-1411, 2009 WL 3148768, at *3 (N.D. Ga. Sept. 29, 2009) (certifying a conditional class in the Southeastern United States based on three opt-ins); Guerra v. Big Johnson Concrete Plumbing, Inc., No. 05-14237, 2006 WL 2290512, at *4 (S.D. Fla. 2006) (conditionally certifying collective action class where only one other individual had opted-in); White v. Osmose, Inc., 204 F. Supp. 2d 1309, 1316-17 (M.D. Ala. 2002) (conditionally certifying collective action class where three other individuals had opted-in); Pendlebury, 2005 WL 84500, at *3 (S.D. Fla. 2005) (conditionally certifying collective action class where four other individuals had opted-in). The opt-in plaintiffs also exhibit broad geographic diversity, working for CVS in five Areas and

eight states. CVS argues that it is significant that all nine opt-in plaintiffs are former employees. The lone case cited by CVS on this point, <u>Oetinger v. First Residential Mortg. Network, Inc.</u>, No. 3:06-CV-381, 2009 WL 2162963 (W.D. Ky. July 16, 2009), does not mention the significance of the representative plaintiffs being former employees in the FLSA Conditional Certification context, but only in the context of Rule 23 class certification, as the representative plaintiffs did not meet the adequacy of representation requirement of Rule 23(a)(4). <u>Id.</u> at *5. Even if the Court were convinced that the Plaintiff has not shown a reasonable basis that any current employees wish to join this action (which it is not), CVS does not dispute that there are other former RLPM employees in the putative class, and only states that they are fewer in number than the current RLPM employees. (Def.'s Br. in Opp'n to Pl.'s Mot. for Collective Cert., at 29.) The Plaintiff has shown a reasonable basis that other employees wish to opt-in to this action.

    C.    <u>Production of the List of Putative Class Members and Content of the Notice</u>

The Court orders CVS to provide the Plaintiff with a list of the names, addresses, and phone numbers of all RLPMs nationwide within three years prior to the date of this Order. CVS has objected to the content of the proposed notice. CVS believes that the Plaintiff's proposed opt-in notice is "replete with factual and legal errors substantially prejudicing CVS." (Def.'s Br. in Opp'n to Pl.'s Mot. for

Conditional Cert., at 30 n. 13.)  The Court directs the parties to confer in good faith in an effort to submit a joint proposed opt-in notice for Court approval.

IV.  Conclusion

For the reasons set forth above, the Court GRANTS the Plaintiff's Motion for Conditional Collective Action Certification and Issuance of Notice to Putative Class Members [Doc. 32].  The Court ORDERS the Defendant to provide the Plaintiff with a list of the names, addresses, and phone numbers of all RLPMs nationwide within three years prior to the date of this Order.  The Court DIRECTS the parties to confer and jointly submit a proposed opt-in notice for Court approval.

SO ORDERED, this 1 day of February, 2013.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge