# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

PHILIP BRADFORD, on behalf of   )
himself and others similarly situated,   )
  )
        Plaintiff,   )
  )
v.   )       CIVIL ACTION NO.:
  )
CVS Pharmacy, Inc.,   )       1:12-cv-01159-TWT
  )
        Defendant.   )
  )

## REPLY BRIEF IN SUPPORT OF DEFENDANT CVS PHARMACY, INC.'S CROSS-MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S COUNT II AND FOR DECERTIFICATION

One material fact dispositive of summary judgment on Count II in Plaintiff's Complaint remains undisputed—Plaintiff Bradford did not sign the separation agreement at issue.[1]  Because opt-ins cannot step into the named Plaintiff's shoes to confer standing, CVS is entitled to judgment as a matter of law on Plaintiff's Count II as pled.

---

[1] *See* Pl.'s Resp. to Def.'s SOMF, Doc. No. 70-5, at Fact 8 (Plaintiff objects on relevance but does not dispute this fact).  As to other facts that Plaintiff attempts to dispute, he demonstrates that his summary judgment motion should be denied due to factual disputes material to his motion. *See id.* at Facts 2, 3, 5.  CVS's summary judgment motion should be granted because Plaintiff fails to create a genuine issue as to the other material facts. *See e.g.*, *id.* at Facts 7, 10, 11, 13.

Plaintiff's retort—that Dell'Erba and Douress <u>did</u> sign a separation agreement—makes Plaintiff <u>different</u> from Dell'Erba and Douress, and makes Dell'Erba and Douress <u>different</u> from other putative opt-ins.  These differences, and the individual inquiries that will be necessary to dispose of opt-ins depending on whether each signed an agreement, the provisions of such an agreement (e.g., whether it includes FLSA acknowledgments), and the context of such an agreement compels decertification.  Additionally, having failed to present any of these facts for Dell'Erba, Douress, or any of the unknown unidentified putative opt-ins, Plaintiff has not met his burden on summary judgment of establishing undisputed material facts supporting judgment as a matter of law.

Plaintiff's consolidated brief confuses the issues by interweaving CVS's separate summary judgment and decertification cross-motions.  Below, CVS clarifies the lines that Plaintiff blurs, and explains why both of CVS's motions should be granted.

## I.   CVS'S CROSS-MOTION FOR SUMMARY JUDGMENT ON COUNT II OF PLAINTIFF'S COMPLAINT SHOULD BE GRANTED

### A.   Judgment for CVS as a matter of law on Count II of Plaintiff's Complaint should be granted because Plaintiff Bradford lacks standing.

Through the portions of Plaintiff's consolidated brief that appear to be argument in support of his summary judgment motion, Plaintiff repeatedly uses the

phrase Plaintiffs "contend" to argue for judgment.  (*See, e.g.*, Doc. No. 70 at 12,

29, 30.)  However, Plaintiff must do more than "contend" at the summary

judgment stage; he must <u>prove</u> with evidence that the <u>undisputed record material</u>

<u>facts</u> result in a finding as a matter of law.  Plaintiff never does this.  Instead,

Plaintiff glosses over the undisputed fact that Bradford did not sign the separation

agreement he seeks to challenge, and this fact defeats a claim by Plaintiff under

Count II, making summary judgment for CVS on Count II appropriate.

Simply put, to challenge a contract, as Plaintiff seeks to do by Count II, there

must be a contract between Plaintiff and Defendant.  Formation of a contract

requires, among other things, offer and acceptance.  Here, there is no contract

between Plaintiff and Defendant because Plaintiff never accepted the offered

separation agreement.

Realizing this basic principle, Plaintiff Bradford argues off the point that he

has a "procedural right" to bring a collective action under the FLSA.  (Doc. No. 70

at 12.)  Plaintiff's argument that the existence of a "procedural right" to bring a

collective action satisfies the elements of standing is a false premise: "[d]eprivation

of a procedural right without some concrete interest that is affected by the

deprivation—a procedural right *in vacuo*—is insufficient to create Article III

standing."  *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009).  "[T]he

requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed. . . .  The party bringing suit must show that the action injures him in a concrete and personal way." *Id.* at 497.  The only "injury" Plaintiff identifies in his consolidated brief is to his ability to bring a collective action.  But Plaintiff does not and cannot demonstrate how he has been injured personally because he has successfully exercised the procedure under Rule 216(b) to seek (and obtain) a collective action under the FLSA as to Count I.

In the cases on which Plaintiff relies, the plaintiffs did not have standing merely because a statute provided them with the "procedural right" or ability to file a lawsuit.  Standing for those plaintiffs rested on actual interests personal to them that were being injured.[2]  No case cited in Plaintiff's consolidated brief deals with a purported threat to the statutory procedural right or ability to bring a lawsuit, as Plaintiff claims is the "injury" giving him standing in this case.  Moreover, as explained by the Courts in *Merritt* and *Lawrence*, *infra*, being offered a release that is not accepted effectuates no waiver and, thus, causes no injury.

---

[2] *See Massachusetts v. EPA*, 549 U.S. 497, 516-521 (2007) (where a federal statute provided Massachusetts a "procedural right" or ability join an EPA action, Massachusetts had standing because it had an interest in the land and environment that had been and would continue to be harmed by the wrongful conduct asserted in the lawsuit, not merely because a statute gave it the procedural ability to file a lawsuit); *The Sierra Club v. Johnson*, 436 F.3d 1269, 1279 (11th Cir. 2006) (where the alleged injury giving rise to standing was pollution harming one of the member's living environment, not a threat to a procedural right to bring a lawsuit).

Plaintiff fails in his strained attempt to distinguish CVS's cited cases, which find no injury caused by (and thus no standing to challenge) a waiver not signed by the named plaintiffs. Because Plaintiff Bradford was free to and did in fact exercise his "procedural right" to assert a collective action, Plaintiff's attempt to distinguish *Lawrence v. Nat'l Westminster Bank N.J.*, on grounds that it involved a plaintiff who was not seeking to enforce a "procedural" right to bring a collective action, is irrelevant. The plaintiff in *Lawrence* sought to challenge an ADEA release related to his right to bring an ADEA action. 98 F.3d 61, 72 (3d Cir. 1996). However, like Plaintiff Bradford who did not sign a release and brought a collective action, the plaintiff in *Lawrence* also did not sign a release and brought an ADEA action. *Id.* at 65 n.2, 72-73. In both cases, because the plaintiffs did not sign releases, neither of them waived any rights—procedural or not—and thus was not injured by a release. *Id.* 72-73. Therefore, like the plaintiff in *Lawrence*, Plaintiff Bradford's "procedural right" to bring a collective action has not been harmed and he, therefore, does not have standing.

Moreover, what Plaintiff claims was absent in *Lawrence* (a right to proceed collectively) is present in *Merritt* and *Hageman*. In both cases, the named plaintiffs did <u>not</u> accept an offered waiver of ADEA claims and filed an ADEA collective action claiming discrimination, in which they also challenged the

validity of waivers signed by others, purportedly on behalf of others. *Merritt v. Wellpoint, Inc.*, 615 F. Supp. 2d 440, 446-47 (E.D. Va. 2009); *Hageman v. Accenture LLP*, 2010 WL 3749246, *1 (D. Minn. Sept. 21, 2010). The district court in both cases found that those who did <u>not</u> sign waivers were not injured and thus did not have standing to assert the challenge on their own behalf or on behalf others. *Merritt*, 615 F. Supp. at 447-48; *Hageman*, 2010 WL 3749246, *2-3.[3] In both cases, the district court outright dismissed the causes of action asserting that the releases were legally invalid. *Merritt*, 615 F. Supp. at 447; *Hageman*, 2010 WL 3749246, *4.

---

[3] Plaintiff's discussion that the validity of an OWBPA waiver was created by Congress and the validity of an FLSA agreement is governed by common law has no bearing on the standing analysis. CVS does not cite ADEA cases to argue that FLSA waivers are enforceable under the same circumstances as under the ADEA. CVS cites ADEA cases because the collective action framework for the ADEA is the same as Rule 216(b) of the FLSA.

Additionally, Plaintiff is simply wrong when he advises the Court on pages 28-29 and in footnote 3 of his brief that "[n]o court has held that an employer can obtain a non-adversarial prospective contractual waiver" of collective action proceedings outside of the arbitration context. *See, e.g.*, *Copello v. Boehringer Ingelheim Pharms. Inc.*, 812 F. Supp. 2d 886, 893–94 (N.D. Ill. 2011) (enforcing provisions of separation agreements waiving the right to proceed collectively under the FLSA); *Killon v. KeHE Distribs.*, 885 F. Supp. 2d 874, 881-82 (N.D. Ohio 2012) (same); *Lu v. AT&T Servs., Inc.*, 2011 WL 2470268, at *3 (N.D. Cal. June 21, 2011) ("The right to bring a collective action under the FLSA is a procedural—not a substantive one. Thus, the Court rejects [p]laintiff's contention that [p]laintiff's waiver of his right to bring a collective action [through his severance agreement] is unenforceable.").

While Plaintiff criticizes CVS for citing to ADEA cases instead of FLSA cases,[4] both the ADEA and FLSA apply the collective action principles of 29 U.S.C § 216(b).  *See* 29 U.S.C. § 626(b) (stating that the ADEA shall be enforced in accordance with 29 U.S.C. § 216(b)).  Therefore, ADEA standing cases are directly on point here.  Thus, for the same reasons as in *Merritt*, *Hageman*, and *Lawrence*, Plaintiff's Count II should be dismissed on summary judgment.[5]

### B. Plaintiff cannot rely on opt-ins Dell'Erba and Douress to survive summary judgment on Plaintiff's Count II.

CVS's motion for summary judgment is directed at Count II of Plaintiff's (and not plaintiffs' plural) Complaint because there is only one named Plaintiff, and only that Plaintiff, Philip Bradford, has asserted Count II's claim for declaratory relief.  As such, Plaintiff cannot rely on Count I opt-ins Douress and Dell'Erba to confer standing for Count II.

Douress and Dell'Erba are not "opt-ins" to Count II.  Count II is pled to arise under the Declaratory Judgment Act, 20 U.S.C. § 2201, for which no authority exists to seek relief as a collective action.  (*See* Doc. No. 1 at ¶¶ 69, 71.) The third sentence of 29 U.S.C. 216(b), which narrowly defines FLSA relief that

---

[4] Plaintiff's consolidated brief cites to non-collective action environmental cases.

[5] As explained in Section II below, since Plaintiff did not sign a separation agreement, other RLPMs who did (depending on, among other things, the terms of each) are not similarly-situated to Plaintiff.

may be sought by a collective action, provides that a collective action only lies for

"[a]n action to recover the liability prescribed in either of the preceding sentences"

of Section 216(b).  *See* 29 U.S.C. § 216(b).  As a result, the collective action

procedure is limited to claims for: (1) recovery of the unpaid minimum wages or

overtime compensation under Section 206 or 207, and an additional equal amount

as liquidated damages, and (2) any legal or equitable relief to remedy a violation of

the FLSA anti-discrimination and anti-retaliation provision in 29 U.S.C. §

215(a)(3).  *See id.*

The request in Count II for a declaratory judgment under the Declaratory

Judgment Act to void what Plaintiff characterizes as contractual collective action

and liability waivers is not a claim for relief under either of the first two sentences

of Section 216(b).[6]  *Cf., e.g.*, *Castellanos-Contraras v. Decatur Hotels, LLC*, 622

F.3d 393, 396-97 (5th Cir. 2010) (adjudicating collective action claim for

declaratory judgment that the employer's failure to reimburse expenses violated

the minimum wage provisions of Section 206).  Thus, Count II cannot be (and has

not been) certified as a collective action.

---

[6] Instead, Count II seeks a declaratory judgment that these provisions are void
based upon the third sentence of Section 216(b)—the sentence creating a
procedural right to proceed collectively—and 216(c), as interpreted by *Lynn's
Food Stores*.  *See* 29 U.S.C. § 216(b), (c).

Even if Count II could proceed as a collective action, Plaintiff has not sought conditional certification for that count.  Plaintiff's motion for conditional certification never once mentioned Count II, let alone argued that RLPMs are similarly situated with regard to Count II or any separation agreements.[7]  (*See generally* Doc. No. 32-1.)  Naturally then, this Court's Order granting conditional certification was limited to Count I: "Bradford seeks to bring a collective action on behalf of himself and all other similarly situated Regional Loss Prevention Managers ("RLPMs") for unpaid overtime compensation under the Fair Labor Standards Act."  (Feb. 1 2013 Order, Doc. No. 61 at 1.)  Because there is no conditional certification of Count II, Douress and Dell'Erba have no legal interest in it.[8]

---

[7] Indeed, had it done so, Plaintiff would have made CVS's case against conditional certification because RLPMs who have signed such agreements are different and have to answer different questions than those who have not.

[8] That opt-ins have no litigation interest in, and logically cannot conceivably confer standing for, claims that are <u>not</u> conditionally certified is brought home by Eleventh Circuit precedent disbanding opt-ins upon decertification or dismissal of named plaintiffs.  *See, e.g. Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (finding that, upon decertification, "the opt-in plaintiffs are dismissed without prejudice." (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995)); *Zulauf v. Amerisave Mortg. Corp.*, --- F. Supp. 2d. ----, 2012 WL 598760, at *9 (N.D. Ga. Nov. 29, 2012).  The United States Supreme Court confirmed this observation in its recent distinction between Rule 23 class actions and Section 216 collective actions in *Genesis Healthcare Corp. v. Symczyk*, No. 11-1059 (Apr. 16, 2013): In contrast to a Rule 23 class, "'conditional

In any event, an opt-in consents to participate only as to the claims as defined by a consent form.  *See, e.g.*, *Albritton v. Cagle's Inc.*, 508 F.3d 1012, 1018-19 (11th Cir. 2007) (holding that courts "must interpret consent forms according to the plain meaning of their language" and may not "rewrite those forms to broaden their scope").  Neither Douress nor Dell'Erba's opt-in forms consent to any cause of action other than one for overtime wages as neither of them recites a consent to join an action for declaratory judgment.  Both "consented to be a Plaintiff in this matter to recover overtime compensation, liquidated damages, costs, and attorneys' fees"—nothing more.  (Doc. Nos. 22 at p.1, ¶ 1 & 47 at p.1, ¶ 1 ("I understand that the purpose of this lawsuit is to recover overtime wages lost and an additional amount as liquidated damages.").)  Neither indicates that he signed a separation agreement and neither seeks to join a declaratory judgment action challenging provisions of a separation agreement as void or invalid.  (*Id.*)

Even if Count II could somehow form the basis of the collective action that has been conditionally certified, and if the scope of Douress and Dell'Erba's consent forms include Count II, Plaintiff cites to no authority that opt-ins can

certification' [under the FLSA] does not produce a class with an independent legal status, or join additional parties to the action."  Slip op. at 8.

provide standing in lieu of the named Plaintiff.[9]  And, the weight of authority is against such a proposition.

First, "standing is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims," *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005).  Opt-ins, who obtain a legal status in a case only <u>after</u> conditional certification is granted and <u>after</u> they file consents, by reason cannot provide standing for a claim asserted as a putative collective action, because standing must exist <u>prior to</u> conditional certification.[10]

Second, federal courts addressing the issue agree that, in accordance with analogous principles of class action standing, there is no standing for a collective action claim unless a <u>named</u> plaintiff suffers injury in fact.  *See, e.g.*, *Lucas v. BMS Enters., Inc.*, No. 09–2159, 2010 WL 2671305, at *3 (N.D. Tex. July 1, 2010)

---

[9] Plaintiff relies on dicta buried in a footnote in *Morgan v. Family Dollar* for the proposition that opt-ins "have the same status in relation to the claims of the lawsuit as do the named plaintiffs" (Doc. No. 70 at 1, 14-15).  However, the issue of standing was not at issue in *Morgan* or *Prickett v. DeKalb Cnty.*, the decision from which the *Morgan* quote is borrowed.  The panel in *Prickett* dealt with whether consent forms submitted by opt-ins early in the case operated as consents to join a new cause of action added to the lawsuit after the consent forms were submitted and conditional certification granted.  349 F.3d 1294, 1298 (11th Cir. 2003).  Like in *Morgan*, in *Prickett*, there was no question regarding the named plaintiff's standing or whether opt-ins conveyed standing for the named-plaintiff.

[10] Standing was not raised as an issue in opposition to Plaintiff's motion for conditional certification because that motion only sought certification of overtime claims under Count I.

(reasoning that because "[t]he standing requirement is no different in a collective action suit [than in a Rule 23 class action]..., a named plaintiff in a collective action has adequately pleaded standing against a particular defendant only if the plaintiff has alleged an injury that the defendant caused to him").  Lest Plaintiff take issue with citation to a case from within the Fifth Circuit, in the analogous context of a Rule 23 class action, the Eleventh Circuit similarly has held that "each claim must be analyzed separately, and a claim cannot be asserted on behalf of a class unless at least one <u>named</u> plaintiff has suffered the injury that gives rise to that claim." *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1307 (11th Cir. 2008) (emphasis added).[11]

Because Plaintiff Bradford, the only named Plaintiff in this case, has <u>not</u> personally suffered an injury giving rise to Count II, there can be no standing and summary judgment should be entered.

---

[11] *See also, e.g.*, *Lopez v. Tri-State Drywall*, 861 F. Supp. 2d 533, 536 (E.D. Pa. 2012) ("[The lone named plaintiff] fails to state a cognizable claim under the FLSA. Accordingly, he cannot bring a collective action on behalf of his co-workers under the FLSA, even assuming those co-workers state cognizable claims under the Act."); *Martinez v. Cargill Meat Solutions*, 265 F.R.D. 490, 497 (D. Neb. 2009) (noting in an FLSA collective-action case that "[a] named party is not a proper representative of the class as to those claims for which he himself lacks standing"); *Indergit v. Rite Aid Corp.*, No. 08 Civ. 9361, 2009 WL 1269250, at *5 (S.D.N.Y. May 4, 2009) ("The 'threshold individual standing' inquiry for named plaintiffs is the same for both class action and collective action claims, because such standing is a prerequisite for all actions.").

**II.    Decertification is warranted because Plaintiff is different from opt-ins Douress and Dell'Erba, who in turn are different from other current and putative opt-ins.**

Plaintiff's consolidated brief establishes that Plaintiff Bradford is different from two of the opt-ins because Plaintiff did not sign a separation agreement containing what Plaintiff characterizes as FLSA waivers, whereas two opt-ins, Douress and Dell'Erba, have.  Plaintiff is doing now exactly what he argued he did not need to do when he sought conditional certification—that is, litigate individual issues.

Plaintiff glosses over the distinctions between each provision of the separation agreement that he challenges in his moving brief to argue that they constitute an invalid FLSA waiver.  However, it is not as cut and dry as Plaintiff "contends."  As noted above, private waivers of the collective action procedure are valid, contrary to Plaintiff's assertion.  *See* authority, *supra* note 3.  The validity of other provisions in the separation agreement depends on a multitude of issues, including whether a provision constitutes a "waiver" at all.

One such provision is the FLSA acknowledgement.  Plaintiff fails to explain in his consolidated brief how he survives decertification in the face of the differences and individual inquiries presented by this provision that was signed by only these two opt-ins, and not by Plaintiff.  At the very least, putative opt-ins who

acknowledged that they have been properly paid by CVS and are unaware of any facts supporting a claim by them that the FLSA has been violated would have to answer questions concerning their understanding of the FLSA, their pay, and the acknowledgment's meaning and significance at the time they signed the acknowledgment.  The signed acknowledgments also raise individual issues surrounding the credibility of opt-ins who signed this acknowledgment, but then nevertheless joined Plaintiff Bradford's Count I in direct contradiction to their signed acknowledgement.  Unlike his attempts with regard to release language in the separation agreements (discussed *infra*), Plaintiff cites to no authority finding the FLSA acknowledgment before the Court to be invalid, let alone invalid as a matter of law.  In light of these exemplar individual questions raised by just this one of many of CVS's defenses to Plaintiff Bradford's FLSA overtime claim in Count I of his Complaint, decertification is appropriate.

With regard to the fact-specific inquiry involved with evaluating the provisions in separation agreements for at least two of the opt-ins that Plaintiff characterizes as "waivers," the only way for Plaintiff to argue against decertification is by relying on his stubborn and mistaken insistence that an FLSA agreement is invalid (without DOL or judicial supervision) as a matter of black-

and-white law in the Eleventh Circuit without consideration of any facts.[12]  It is

not.  At the outset, one must ask each opt-in whether a separation agreement or

other agreement exists, and then analyze its terms to determine whether it contains

language purporting to waive FLSA claims.

Only if these answers are both yes, then, even Plaintiff must acknowledge

that more questions must be answered in determining enforceability, even in the

Eleventh Circuit.  In *Dionne v. Floormasters Enter., Inc.*, payment to an employee

in the amount of full relief for compensation allegedly owed was not supervised by

the court, but was sufficient to moot the employee's FLSA claims.  *Dionne*, 667

F.3d 1199 (11th Cir. 2012).  Inasmuch as before the Court in *Lynn's Food Stores*

were private settlement agreements that did not provide full relief, its rationale

leaves room for the validity of private agreements without judicial supervision if

they provide full FLSA relief.  This result has been acknowledged by the Northern

---

[12] The cases Plaintiff cites for this idea are inapposite.  As evidenced by Plaintiff's parenthetical, *Zulauf* dealt with a contractual provision that attempted to change law by imposing a one-year statute of limitations on FLSA claims, a contractual provision not at issue here.  *Allen* enjoined enforcement not because of invalid provisions, but because withholding what was considered a term of employment (severance) from employees who joined the FLSA lawsuit was seen as retaliation for engaging in protected activity.  *Allen v. Suntrust Banks, Inc.*, 549 F. Supp. 2d 1379, 1382 (N.D. Ga. 2008).  Here, the separation agreements at issue are not terms of employment (Doc. No. 67-1 at 3, 6.) and they were offered (and accepted or rejected ) prior to this FLSA litigation and, thus, cannot be considered retaliatory.

District of Georgia, *Mackenzie v. Kindred Hospitals East*, and other courts within the Eleventh Circuit upholding settlements or offers of judgment that provide full compensation.  *See, e.g.*, *Wingrove v. D.A. Techs, Inc.*, 2011 WL 7308492, *1 & n.2 (N.D. Ga. Feb. 3, 2011) (citing *Lynn's Food Stores* for the proposition that FLSA claims can only be <u>compromised</u> with DOL or Court approval, but acknowledging that full satisfaction of claims is different); *Mackenzie*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

Consequently, even in the Eleventh Circuit, whether an agreement provides "full compensation," which is a question containing multiple sub-questions, must be answered by each putative opt-in who joins and who has signed a separation agreement with language purporting to release FLSA claims.

While it is true that "an adversarial proceeding" existed in *Fernandez*, Plaintiff's highlight of this fact just adds to the factors considered by courts in the Eleventh Circuit when determining whether an FLSA agreement is enforceable.  In *Fernandez*, the private agreement did not necessarily provide full relief, but it nonetheless did not require court approval to be enforceable because both parties were represented by counsel in the context of an adversarial proceeding.  *See Fernandez* v. *A-1 Duran Roofing, Inc.*, Civil Action No. 12-20757, 2013 WL 684736, *1 (S.D. Fla. Feb. 25, 2013).  While such factors may not be present for

some putative collective members (although one cannot tell without further

discovery because Plaintiff's moving brief fails to provide this information

regarding Dell'Erba or Douress, *see* Section III, *infra*), they very well may be

present for other putative opt-ins, such as Mayme Boyd.  Plaintiff's counsel's

affidavit reveals that Ms. Boyd entered into a negotiated settlement in the context

of an adversarial proceeding while represented by counsel.  (*See* Doc. No. 64-7 at 4

(message from Ms. Boyd referring to a settlement agreement negotiated by her

attorney who represented her in a lawsuit against CVS).)[13]  Even Plaintiff's

repeated assertion that "non-adversarial prospective waivers of the FLSA" are not

permitted begs these questions: Was there an adversarial proceeding?  Did

separation agreements of unknown putative opt-ins that are not before the court

"prospective[ly]" waive FLSA claims?  Were parties represented by counsel?

Like in *Lynn's Food Stores*, the holdings in *O'Neil* and *Gangi* that the

unsupervised FLSA settlements were unenforceable were limited—*O'Neil* a

compromise where there was no bona fide dispute over liability and *Gangi* a

compromise where there was no dispute over the number of hours worked.  The

limitation of these cases, and the cases listed in Plaintiff's consolidated brief as

keeping these cases alive and well, do not foreclose that different situations could

---

[13] Plaintiff denies but cannot genuinely dispute this fact.

lead to a different result.  *See, e.g.*, *Burnett v. Siltanium Corp., Inc.*, 4:09-CV-0204-HLM-WEJ (N.D. Ga. Apr. 23, 2010) (limited to an FLSA settlement compromise and acknowledging that FLSA settlements providing "full satisfaction" may not need judicial supervision or approval).[14]

Additionally, Plaintiff's analysis ignores the possibility that Eleventh Circuit law simply is not the law of the land everywhere and does not apply to opt-ins whose separation agreements were executed in other jurisdictions or incorporate choice of law or forum provisions.  Yet another of CVS's individualized defenses

---

[14] *See also Bonetti v. Embarq Mgmt Co.*, 715 F. Supp.2d 1222, 1226-27 & n.6 (M.D. Fla. Aug. 4, 2009) (discussing the reasonableness of an FLSA compromise settlement, acknowledging other courts limiting *Lynn's Food Stores* to settlements involving compromise, and questioning whether *Gangi* and *O'Neil* (and by proxy *Lynn's Food Stores*) are apposite in light of changes to the FLSA in the years since then); *Rakip v. Paradise Awnings Corp.*, 2013 WL 1135515, *1-2 (11th Cir. 2013) (limited to a compromise of FLSA claims in the form of a severance agreement entered into after initiation of a lawsuit); *Dees v. Hydradry, Inc.*, No: 8:00-cv-1405-T-23TBM (M.D. Fla. Apr. 19, 2010) (FLSA settlement compromise); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010) (same); *Brumley v. Camin Cargo Control, Inc.*, 2013 WL 1019337 (D.N.J. Mar. 26, 2012) (same); *Ramsey v. The Hosp. Auth. of Habersham County*, No. 2:10-CV-0047-WCO (N.D. Ga. July 26, 2011) (FLSA retaliation and wage settlement compromise);

    *Rock v. Ray Anthony Int'l, LLC* (cited by Plaintiff) does not cite *Lynn's Food Stores*, *O'Neil*, or *Gangi*, does not deal with the enforceability of an FLSA agreement but instead found that the administrative exemption applied to crane dispatcher, and only states in dicta in a footnote that "FLSA rights cannot be waived." 380 Fed. Appx. 875 n.3 (11th Cir. 2010).  *Coleman v. Anthony Int'l, LLC*, 1:10-cv-3285-TWT (N.D. Ga. May 29, 2012), (also cited by Plaintiff) does not cite *Lynn's Food Stores*, *O'Neil*, or *Gangi* and simply approves an FLSA settlement compromise.

(*i.e.*, venue) is highlighted by Plaintiff's summary judgment motion.  The separation agreements attached to Plaintiff's moving brief include contractual provisions for venue and choice of law for litigation arising out of the agreements; specifically, Rhode Island.  (*See, e.g.*, Doc. No. 64-4 at Section 16.).  "It is well-settled that parties may bargain in advance to select the forum in which any future dispute will be litigated" and such must be upheld even if the validity of other provisions are in dispute.  *Rogen v. Memry Corp.*, 886 F. Supp. 393, 395 (S.D.N.Y. 1995); *see Rucker v. Oasis Legal Fin., LLC*, 632 F.3d 1231, 1238 (11th Cir. 2011).

Accordingly, putative opt-ins in this case who have signed separation agreements with non-Georgia forum provisions may be subject to venue transfer, where the law enforcing agreements affecting FLSA rights may depend on factors additional to and/or different from the Eleventh Circuit, as explained in CVS's moving brief.  *See Arthrex Inc. v. Orthogen Aktiengesellschaft*, 250 F. App'x 293, 293 (11th Cir. 2007) (holding that a plaintiff "cannot simultaneously claim benefits under [a contract], but yet disavow the applicability of the forum selection clause contained therein").  (*See* Doc. No. 67-1 at 21-23.).

Plaintiff's consolidated brief does not address, and the fate of Plaintiff's conditional collective cannot escape, authority cited in CVS's moving brief supporting decertification in situations where putative collective action members

are <u>not</u> similarly situated because some of them signed releases and some did not. *See Vargas, et al. v. HEB Grocery Co., LP*, Civil Action No. 12-cv-116, 2012 WL 4098996, *4 (W.D. Tex. Sept. 17, 2012) (in the context of the lenient conditional certification stage, noting that the opt-in plaintiffs who had signed collective action waivers were not similarly situated to the named plaintiffs who had not signed waivers).  If the signing of collective action waivers precludes a finding of "similarly situated" at the conditional certification stage, then it warrants decertification now.  Accordingly, because Plaintiff did not sign a separation agreement with an FLSA acknowledgment or general release language and two of the opt-ins apparently did, Plaintiff is not similarly-situated to some members of the putative collective, putative collective members who signed are not similarly-situated to those who did not sign or those who were not given the option, and decertification is appropriate.

    As set forth above,  Plaintiff's moving and consolidated briefs demonstrate a myriad of individualized inquiries that the Court will need to hear and resolve related to just the existence and effect of FLSA acknowledgements and general releases (which accounts for only one of CVS's individualized defenses), before the parties even get to the merits of each RLPM's exempt status.

**III.    Plaintiff cannot meet his burden at summary judgment that FLSA-related separation agreement provisions of Dell-Erba, Douress, and**

**unknown unidentified putative opt-ins, are void because he fails to present evidence entitling him to judgment as a matter of law.**

The only "facts" Plaintiff presents to the Court in his consolidated brief relevant to the enforceability of the FLSA provisions in Dell'Erba and Douress's separation agreements are the language of the agreements themselves.  Even the supplemental affidavits provided in support of his consolidated brief merely attempt to authenticate the separation agreements.  (*See* Doc. Nos. 70-3 and 70-4.) However, as explained in Section II, above, the language in a separation agreement is not the only thing considered by the court to determine whether its provisions are enforceable under the FLSA.  Specifically, neither of the affidavits provide complete information regarding the sufficiency of the amount of the agreement's compensation or indicate whether the opt-ins were represented by counsel, at the time, and both of the affidavits suggest that an adversarial proceeding was underway, but neither provides sufficient detail.  Without facts such as these, Plaintiff has not met his burden of showing undisputed material facts entitling him to judgment as a matter of law on Count II.

In the same breath, Plaintiff's summary judgment brief seeks declaratory judgment as to FLSA provisions in <u>every</u> separation agreement if signed by <u>any</u> unidentified putative class members, even though Plaintiff fails to present any evidence as to <u>who</u> these other putative opt-ins are, the <u>terms of the provisions</u> in

21

any such agreement (including forum and choice of law provisions) that he seeks to invalidate, or the contexts in which those agreements were signed.  Neither Plaintiff, nor Douress or Dell'Erba provide competent evidence regarding purported separation agreements presumably entered into by other putative members,  leaving the Court with a complete lack of evidence.  (*See, e.g.*, Doc. No. 70-3 at ¶ 8.)  Because Plaintiff simply fails to present any record facts regarding other purported agreements of unknown putative opt-ins, Plaintiff fails to prove that there is no genuine dispute of material fact entitling him to judgment as a matter of law.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's summary judgment motion should be denied, CVS's summary judgment motion as to Count II should be granted and Count II dismissed, and Plaintiff's conditional collective should be decertified and the opt-ins dismissed without prejudice.  *See Hipp*, 252 F.3d at 1218.

Respectfully submitted, this 13th day of May, 2013.

| | |
|---|---|
| **RAFUSE HILL & HODGES LLP** | *s/ James J. Swartz, Jr.* |
| 1355 Peachtree Street, N.E. | James J. Swartz, Jr. |
| Suite 500 | Georgia Bar No. 694319 |
| Atlanta, Georgia  30309-3232 | *jimswartz@RafuseHill.com* |
| Telephone:  (404) 253-6000 | Teeka K. Harrison |
| Facsimile:  (404) 253-6060 | Georgia Bar No. 543115 |
| | *teekaharrison@RafuseHill.com* |
| | Counsel for Defendant |

## **CERTIFICATION OF COMPLIANCE**

I hereby certify that, pursuant to Local Rule 7.1D, the foregoing REPLY BRIEF IN SUPPORT OF DEFENDANT CVS PHARMACY, INC.'S CROSS-MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S COUNT II AND FOR DECERTIFICATION has been prepared in Times New Roman, 14-point font, in conformance with Local Rule 5.1C.

_s/ James J. Swartz, Jr._
Attorney for Defendant

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| PHILIP BRADFORD, on behalf of himself and others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO.: |
| v. | ) ) | 1:12-cv-01159-TWT |
| CVS Caremark Corp. and CVS Pharmacy, Inc., | ) ) ) | |
| Defendants. | | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 13th day of May, 2013, I electronically filed this REPLY BRIEF IN SUPPORT OF DEFENDANT CVS PHARMACY, INC.'S CROSS-MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S COUNT II AND FOR DECERTIFICATION with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the following counsel of record:

Stephen M. Katz
The Katz Law Group LLC
4799 Olde Towne Parkway
Marietta, Georgia 30068-4350
smkatz@smk-law.com

*s/ James J. Swartz, Jr.*
Counsel for Defendant