IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PHILIP BRADFORD
on behalf of himself and others
similarly situated,

    Plaintiff,

     v.

CVS PHARMACY, INC.,

    Defendants.

CIVIL ACTION FILE
NO. 1:12-CV-1159-TWT

OPINION AND ORDER

This is an action under the Fair Labor Standards Act. It is before the Court on the Plaintiff Bradford's Motion for Summary Judgment [Doc. 64], the Defendant CVS Pharmacy, Inc.'s Cross-Motion for Summary Judgment [Doc. 67], and the Defendant CVS Pharmacy, Inc.'s Motion to Decertify the Collective Action [Doc. 67]. For the reasons set forth below, the Plaintiff Bradford's Motion for Summary Judgment [Doc. 64] is DENIED, the Defendant CVS Pharmacy, Inc.'s Cross-Motion for Summary Judgment [Doc. 67] is GRANTED, and the Defendant CVS Pharmacy, Inc.'s Motion to Decertify the Collective Action [Doc. 67] is DENIED.

T:\ORDERS\12\Bradford\msjtwt.wpd

I. Background

On April 4, 2012, the Plaintiff Philip Bradford filed this lawsuit against the Defendant CVS Pharmacy, Inc. under the Fair Labor Standards Act. (Compl. ¶¶ 60-67.) The basis of the FLSA claim was an allegation that CVS mislabeled certain employees as "Regional Loss Prevention Managers" (RLPMs) to avoid having to make pay overtime as required by the FLSA. (Id. ¶¶ 29-33.) On July 3, 2012, Bradford moved for conditional certification of a collective action, which was granted on February 4, 2013.

In addition, Bradford asserted a claim seeking a declaratory judgment regarding certain separation agreements that CVS entered into with some of its former employees. In exchange for severance pay, some former employees of CVS allegedly signed separation agreements where they waived their FLSA claims, agreed not to join a collective action, agreed to keep material information confidential, and agreed to pay CVS's litigation costs in the event that they violated any of the waivers. (Mot. for Summ. J., at 2-8.) Bradford alleges that these separation agreement waivers are invalid, and have deterred potential opt-in plaintiffs from joining the collective action. (Mot. for Summ. J., at 8-9, 17-18.) Bradford himself never signed a separation agreement. Bradford now moves for summary judgment requesting that the Court issue declaratory judgments for persons not a party to this action, rendering invalid

provisions of separation agreements that the Court has not seen.[1] CVS moves for summary judgment as to the Plaintiff's declaratory judgment claim, primarily arguing that Bradford lacks standing to seek a declaratory judgment regarding separation agreements that he was not a party to. CVS also moves to decertify the collective action.

## II. Legal Standard

"[W]hen a question about standing is raised at the motion to dismiss stage, it may be sufficient to provide general factual allegations of injury resulting from the defendant's conduct." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005) (internal quotation marks omitted). "In contrast, when . . . standing is raised at the summary judgment stage, the plaintiff can no longer rest on 'mere allegations.'" Id. at 975-76 (internal quotation marks omitted). "Instead, the plaintiff must 'set forth' by affidavit or other evidence 'specific facts.'" Bischoff v. Osceola County, Fla., 222 F.3d 874, 878 (11th Cir. 2000) (internal quotation marks omitted). "The party invoking federal jurisdiction bears the burden of proving standing." Id.

---

[1] Bradford does allege that CVS issued a standard form separation agreement to all of the potential opt-in plaintiffs that signed it. However, there is no evidence for this allegation, and it cannot be verified until the potential opt-in plaintiffs actually opt in and submit a copy of their separation agreements.

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the non movant. <u>Adickes v. S.H. Kress and Co.</u>, 398 U.S. 144, 158-159 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 257 (1986).

### III. <u>Discussion</u>

#### A. <u>Collective Action Scope</u>

As a threshold matter, the Court must determine who is bringing the declaratory judgment claim. Bradford argues that the claim is being brought by the collective action class, which includes the plaintiffs that have already opted in. CVS argues that a collective action may not include non-FLSA claims.  Thus, it argues that Bradford is individually bringing the declaratory judgment claim.  There is no Eleventh Circuit authority precisely on point.  Nevertheless, the Court concludes that a collective action under the FLSA may not include non-FLSA claims. Non-FLSA claims may be

brought in the same suit either by individual parties, or pursuant to a parallel Rule 23 class action.

"As with any question of statutory interpretation, we begin by examining the text of the statute to determine whether its meaning is clear." Harry v. Marchant, 291 F.3d 767, 770 (11th Cir. 2002). "Where the language Congress chose to express its intent is clear and unambiguous, that is as far as we go to ascertain its intent because we must presume that Congress said what it meant and meant what it said." U.S. v. Steele, 147 F.3d 1316, 1318 (11th Cir. 1998). The relevant part of the FLSA reads: "An action to recover the liability *prescribed in either of the preceding sentences* may be maintained against any employer . . . in any Federal . . . court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b) (emphasis added). Here, the statute expressly limits a collective action to FLSA claims described in section 216. "[M]andating an opt-in class or an opt-out class is a crucial policy decision. Congress has selected an opt-in class for FLSA actions." De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 311 (3d Cir. 2003). "[I]n the absence of contrary

congressional mandates, class actions in federal court are governed by Fed.R.Civ.P. 23." Id. at 311 n.16.

Although a majority of the other Circuits have not expressly addressed this question, they have suggested that a collective action brought under the FLSA is limited to FLSA claims. Many Circuit Courts have allowed lawsuits that include a collective action for the FLSA claims and a parallel Rule 23 class action for non-FLSA claims. See, e.g., Shahriar v. Smith & Wollensky Restaurant Group, Inc., 659 F.3d 234, 244 (2d Cir. 2011); Ervin v. OS Restaurant Services, Inc., 632 F.3d 971, 976-79 (7th Cir. 2011); Lindsay v. Government Employees Ins. Co., 448 F.3d 416, 424 (C.A.D.C. 2006). The Sixth Circuit, however, concluded that a collective action brought under the FLSA may include non-FLSA claims. O'Brien v. Ed Donnelly Enterprises, Inc., 575 F.3d 567, 580 (6th Cir. 2009). The Sixth Circuit reasoned that supplemental jurisdiction allows non-FLSA claims to proceed as part of the collective action. See id. However, the Sixth Circuit acknowledged that there was no express statutory authority for broadening the scope of a collective action. See id. ("Notwithstanding the lack of express statutory authority in the FLSA for collective certification of non-FLSA claims . . .."). Furthermore, supplemental jurisdiction may give the Court the authority to hear the additional claims, but it does not give the Court the authority to hear them pursuant to a collective action.

Bradford states that the Eleventh Circuit made clear that "by referring to them as 'party plaintiff[s]' Congress indicated that opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs." Prickett v. DeKalb County, 349 F.3d 1294, 1297 (11th Cir. 2003). However, the question in that case was whether opt-in plaintiffs had to opt in for each individual FLSA claim. Id. at 1296-97. The Court of Appeals rejected the district court's conclusion that the opt-in plaintiffs had to "opt in again, in order to be considered as plaintiffs in regard to any FLSA claim which was not in the complaint as it stood at the time they originally joined." Id. Here, the question is whether a collective action can ever encompass non-FLSA claims. The Court concludes that the conditionally certified collective action cannot include Bradford's declaratory judgment claim. Thus, the opt-in plaintiffs that allegedly signed separation agreements cannot confer standing for the declaratory judgment claim because they opted in to a collective action that only encompassed the unpaid overtime FLSA claim.

B. Standing

The question then is whether Bradford has standing to seek a declaratory judgment regarding the validity of separation agreements between CVS and third parties. He does not. "A party has standing to bring an action under the Declaratory Judgment Act if an actual controversy exists . . . which is the same as an Article III

case or controversy." Arris Group, Inc. v. British Telecommunications PLC, 639 F.3d 1368, 1373 (11th Cir. 2011) (internal quotation marks omitted). An actual controversy exists when the "dispute [is] definite and concrete, *touching the legal relations of parties* having adverse legal interests." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126 (2007) (emphasis added). "An 'adverse legal interest' requires a dispute as to a legal right-for example, an underlying legal cause of action that the declaratory defendant could have brought or threatened to bring." Arris Group, 639 F.3d at 1374.

Here, Bradford never executed a separation agreement with CVS. The dispute regarding the separation agreements does not touch upon Bradford's legal relations with CVS. CVS may not sue Bradford for entering into a collective action, thus there is no adverse legal interest between Bradford and CVS concerning the enforceability of the separation agreements. Many courts have reached the same conclusion. See, e.g., Evans v. Sirius Computer Solutions, Inc., No. 3:12-CV-46-AA, 2012 WL 1557294, at *2 (D. Or. May 1, 2012) ("Generally, a party does not have standing to request declaratory judgment regarding the enforceability of a contract to which it is neither a party nor a third-party beneficiary."); Tri-State Generation and Transmission Ass'n, Inc. v. BNSF Ry. Co., No. CV 08-272-PHX-MHM, 2008 WL 2465407, at *2 (D. Ariz. June 17, 2008) ("[A] party does not have standing to bring a declaratory judgment claim regarding rights and obligations under a contract to which it is neither

a party nor a third-party beneficiary."); Lufthansa Systems Infratec GmbH v. Wi-SKY Inflight, Inc., Civil Action No. 3:10CV745-JAG, 2011 WL 862314, at *7 (E.D. Va. Mar. 9, 2011) ("[A] party does not possess standing to bring a declaratory judgment claim regarding rights and obligations under a contract to which it is neither a party nor a third-party beneficiary.").

Bradford argues that he has standing because he suffered an injury to his right to "bring, join, and participate in a collective action." (Pl.'s Reply to Def.'s Resp. Mot. for Summ. J., at 4.) Bradford's argument is that the severance agreements deter people from joining his collective action, and thus his right to a collective action is "injured." (Id. at 6, 12-15.) This argument is without merit. First, the claimed injury is non-existent. The severance agreements do not preclude his ability to join a collective action, and this case is evidence that it did not preclude his ability to initiate one. The fact that the severance agreements may impact the number of people that choose to join the collective action is of no import.[2] See Cameron-Grant v. Maxim Healthcare Services, Inc., 347 F.3d 1240, 1249 (11th Cir. 2003) ("Even if the § 216(b) plaintiff can demonstrate that there are other plaintiffs 'similarly situated' to him . . . he has no right to represent them."). Second, even if Bradford did suffer an injury to this

---

[2] To be clear, CVS is incapable of depriving him of this right. His right to a collective action is a procedural right he receives from a federal tribunal, not a private party.

procedural right, it is not an injury that gives him standing to litigate a third-party's contract claim. See Warth v. Seldin, 422 U.S. 490, 500 (1975) ("[S]tanding . . . often turns on the nature and source of the claim asserted."). To establish standing for a contract action, a plaintiff must show that he has a legally protected interest in the contract. See Avenue CLO Fund Ltd. v. Bank of America, NA, 709 F.3d 1072, 1077 (11th Cir. 2013) ("To establish standing for Article III purposes, the Term Lenders must show that they held a legally protected interest in the Credit Agreement which was injured by the Revolving Lenders."); Johnson v. University Health Services, Inc., 161 F.3d 1334, 1338 (11th Cir. 1998) ("If A violates his supply contract with B, C cannot sue A for breach of contract because C is not a party to the contract, and thus not among the class of people protected by breach of contract. . . .These two facets of a cause of action-class of plaintiff and type of injury-are the basis for the requirement that a plaintiff have 'standing.'"). Bradford's argument would permit any person indirectly affected by a contract for which he is not a party to litigate its validity, no matter how far attenuated. Third, even if Bradford overcame the cognizable injury hurdle, he cannot establish causation. The injury must be one that "can be traced to the challenged action of the defendant, and not injury that results from the *independent action of some third party not before the court.*" Simon v. Eastern Kentucky Welfare Rights Organization, 426 U.S. 26, 41-42 (1976) (emphasis added). Here, even if

potential opt-in plaintiffs elect not to join out of fear of having to defend against a breach of contract suit, the decision is no less theirs. They are not precluded from joining the collective action and challenging the contract waivers if CVS invokes them as a defense. Bradford lacks standing to bring the declaratory judgment claim, thus summary judgment as to that claim should be granted.[3]

C. Decertification

CVS requests that the Court decertify the collective action. (Def.'s Resp. to Pl.'s Mot. for Summ. J., at 18.) CVS argues that based on the circumstances, some of the FLSA claim waivers may be enforceable. (Id. at 20.) It argues that evaluating the enforceability of the waivers would require a fact-intensive inquiry for each opt-in plaintiff, thus establishing that they are not "similarly situated." (Id. at 20-23.) The Eleventh Circuit has "sanctioned a two-stage procedure for district courts to effectively manage FLSA collective actions in the pretrial phase." Morgan v. Family

---

[3] CVS is correct that in Hageman v. Accenture LLP, No. CIV. 10-1759, 2010 WL 3749246 (D. Minn. Sep. 21, 2010) and Merritt v. WellPoint, Inc., 615 F. Supp. 2d 440 (E.D. Va. 2009), the courts concluded that a plaintiff who did not sign a waiver lacked standing to challenge its validity. They went on to conclude that, as a result, the named plaintiffs did not have standing to bring declaratory judgment claims on behalf of the collective action. The Court reaches the same conclusion regarding Bradford's standing. However, the Court does not address the latter question -- Bradford's standing to bring the claim on behalf of the opt-in plaintiffs -- because the Court concludes that the collective action may not include the declaratory judgment claims to begin with.

Dollar Stores, Inc., 551 F.3d 1233, 1260 (11th Cir. 2008). "This first step is . . . referred to as conditional certification since the decision may be reexamined once the case is ready for trial." Id. at 1261. "The second stage is triggered by an employer's motion for decertification." Id. "This second stage is less lenient, and the plaintiff bears a heavier burden." Id.

Here, CVS goes to the second step prematurely. This step is supposed to occur "just before the end of discovery, or at its close." Id. The Court should have a "much thicker record than it had at the notice stage, and can therefore make a more informed factual determination of similarity." Id.; see also Anderson v. Cagle's, Inc., 488 F.3d 945, 953 (11th Cir. 2007) ("[T]he second stage . . . is typically precipitated by a motion for 'decertification' . . . usually filed after discovery is largely complete and the matter is ready for trial[,] . . . the court has much more information on which to base its decision."). CVS's allegation that there will be too many material factual disparities between the potential opt-in plaintiffs is too speculative without the presence of the other opt-in plaintiffs and evidence regarding their circumstances.[4] See Anderson, 488 F.3d at 953 (Noting that the court may base a decision to decertify on material

---

[4] CVS acknowledges that its allegations cannot be confirmed without further discovery: "While such factors may not be present for some putative collective members (although one cannot tell without further discovery . . . ) they very well may be present for other putative opt-ins." (Def.'s Reply Br., at 16-17.)

distinctions revealed by the evidence.). The mere fact that some opt-in plaintiffs signed separation agreements is not a reason in itself to decertify. See Morgan, 551 F.3d at 1263 ("Just because the inquiry is fact-intensive does not preclude a collective action where plaintiffs share common job traits."). It is possible that the final collective action class will include mostly those who did not sign separation agreements, as CVS concedes that it is not their general policy to offer separation pay to RLPMs. (Def.'s Resp. to Pl.'s Mot. for Summ. J., at 3.) Accordingly, CVS's motion for decertification should be denied for now.

## IV. Conclusion

For the reasons set forth above, the Court DENIES the Plaintiff Bradford's Motion for Summary Judgment [Doc. 64], GRANTS the Defendant CVS Pharmacy, Inc.'s Cross-Motion for Summary Judgment [Doc. 67], and DENIES the Defendant CVS Pharmacy, Inc.'s Motion to Decertify the Collective Action [Doc. 67].

SO ORDERED, this 10 day of October, 2013.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge